764 A.2d 432

IN THE MATTER OF JAMES J. MAGUIRE, JR., AN ATTORNEY AT LAW.

January 19, 2001.

## ORDER

The Disciplinary Review Board having filed a report with the Supreme Court recommending that **JAMES J. MAGUIRE, JR.,** of **HAMILTON SQUARE,** who was admitted to the bar of this state in 1974, should be disbarred for multiple violations of *RPC* 1.1(a)(gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.7 (conflicts of interest) *RPC* 1.15(a)(failure to safeguard client funds), *RPC* 1:15(b)(failure to promptly notify client or third party of the receipt of property in which the client or third party has an interest and failure to turn over that property promptly), *RPC* 1:15(d)(record-keeping violations), as well as a violation of *RPC* 1.8 (conflict of interest/prohibited transaction);

And the Board having concluded that

Respondent's representation of [his elderly client's] interests was appalling. His handling of her funds was disgraceful. [The client] trusted and relied on respondent. He abused that trust. He put the interests of his business partners/clients, who were sophisticated developers, ahead of [her] interests. He even lent [her] funds to a mere acquaintance ... without consulting [her].

Moreover, respondent's misconduct extended over many years. His neglect of [his client's] bills and failure to file her tax returns began in 1987 and continued until 1993; his loan to [the acquaintance] took place in 1989; [a second] loan transaction occurred in 1991; and his excess distributions to [a friend] continued

until May 1995. Although respondent submitted evidence that he was addicted to cocaine and alcohol until January 21, 1992, many of his acts of misconduct ... occurred when he admittedly was no longer under the influence of cocaine and alcohol.

Respondent's exploitation of his elderly client was more venal than that displayed by some attorneys who have been disbarred for knowing misappropriation. For his egregious, exceedingly cavalier, reckless handling of his client's funds, he should suffer no less serious consequences. *See In re Wolk*, 82 *N.J.* 326[, 413 *A.*2d 317] (1980) (attorney was disbarred for advising a widowed client to make a hopeless investment in a building in which he had an interest, while concealing such material information as the fact that the building was in foreclosure, and attempted to commit a fraud on a federal district court and his clients to obtain a larger legal fee than was due). *See also In re Ort*, 134 *N.J.* 146[, 631 *A.*2d 937] (1993) (attorney was disbarred for withdrawing fees from an estate account without authorization, misrepresenting to a court the value of his services, preparing deceitful time records and charging excessive and unreasonable fees);

And respondent having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having conducted an independent review of the record, *R.* 1:20–16(c), and having determined that the ethical violations as found by the DRB are supported by clear and convincing evidence;

And good cause appearing;

It is ORDERED that **JAMES J. MAGUIRE, JR.,** be disbarred, effective immediately, and his name be stricken from the roll of attorneys of this State; and it is further

ORDERED that all funds, if any, currently existing in any New Jersey financial institution maintained by respondent pursuant to *Rule* 1:21–6 be restrained from disbursement except on application to this Court, for good cause shown, and shall be transferred by the financial institution to the Clerk of the Superior Court, who is directed to deposit the funds in the Superior Court Trust Fund, pending further Order of this Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with disbarred attorneys; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs, including the costs of transcripts.